UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELINA BERNARDINO, individually and on behalf of other similarly situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>BARNES & NOBLE BOOKSELLERS, INC.,<br><br>    Defendant. | Case No. 1:17-cv-4570-LAK-KHP<br><br>**JOINT REPORT PURSUANT TO RULE 26(f) AND PROPOSED JOINT DISCOVERY PLAN** |

At the request of Plaintiff Melina Bernardino ("Plaintiff") on August 30, 2017, Plaintiff and Defendant Barnes & Noble Booksellers, Inc. ("Barnes & Noble" or "Defendant") held an initial conference pursuant to Federal Rule of Civil Procedure 26(f) on September 19, 2017 (the "Conference"). The parties were unable to agree on a proposed discovery plan. This report outlines the parties' positions, noting the areas where the parties agree.

**I.    Initial Disclosures**

Plaintiff's Position: Pursuant to Rule 26(a)(1)(C), the parties' initial disclosures are due on or before October 3, 2017 (i.e., 14 days following the initial Rule 26(f) conference).

Plaintiff believes discovery should proceed in the ordinary course and intends to comply with the Rule. During the parties' teleconference with the Court on June 28, 2017 [Tr. at ECF No. 20], Plaintiff understood that Defendant would ***not*** seek a stay of discovery during the pendency of the Motion to Compel Arbitration and to Stay Proceedings (ECF No. 39) (the "Arbitration Motion"). During the June 28th Court teleconference, Plaintiff raised no objection to setting a briefing schedule on the Arbitration Motion; instead, Plaintiff said "the question is not really the schedule of briefing the arbitration issue, but the question is whether the case

should be stayed pending a resolution of that issue." Tr. 8:19-23. The Court asked Defense counsel, "Do you intend to seek that relief, Ms. Goldstein?" and Defendant replied, "No, I do not, your Honor." Tr. 9:3-4. Plaintiff nevertheless offered a compromise during the Rule 26(f) teleconference that would limit discovery to *document* discovery during the pendency of the Arbitration Motion. Defendant rejected the offer.

As a counter, Defendant proposed to temporarily limit discovery to the type available at a AAA arbitration, but only on condition that the Plaintiff promise to continue with arbitration should Defendant succeed on the Arbitration Motion. As Plaintiff has factually demonstrated in her Response to the Arbitration Motion (ECF No. 60), the AAA Due Process Protocol forecloses arbitration where the AAA's more limited discovery rules would render it impossible for a party to prove its claim or defense. In this case, the Court recently denied a motion for preliminary relief (ECF No. 58), holding that Plaintiff is as yet unable to demonstrate "substantial likelihood of success on the merits" for two reasons: first, Plaintiff did not submit evidence that Facebook considers its encrypted "LU" cookie to be PII, and second, Plaintiff did not submit evidence that Facebook links user IDs and product IDs communicated by partner websites in referrer headers. Both rulings suggest that third-party discovery from Facebook might be required. Indeed, prior to the Court's ruling on the preliminary injunction motion, Defendant raised no objection to the early issuance of a third-party document preservation subpoena to Facebook, Inc., seeking preservation of this exact information. Forcing arbitration in the absence of this third-party discovery is a violation of due process as defined by the AAA itself and Plaintiff cannot commit to arbitration as a condition of proceeding with discovery.

Defendant's Position: Barnes & Noble believes that any discovery in federal court in advance of the final resolution of the Arbitration Motion is premature. Barnes & Noble

understood the Court to agree with that approach from the conference on June 28, 2017, during which the Court explained that Plaintiff's Motion for a Preliminary Injunction [Dkt. #20]—which had not yet been filed and which the Court said could be available if in aid of arbitration—could proceed before the Arbitration Motion is resolved, but that there was no reason to go to the expense and trouble of dealing with Rule 12(b) motions before resolution of the arbitration issue. (*See* Tr. at 10:17-19, 11:11-14, 12:1-12:4.) Barnes & Noble understood that Plaintiff's question to the Court about "whether the case should be stayed pending resolution of th[e arbitration] issue" (Tr. at 8:22-23) was made in the context of Plaintiff's announcement that she planned to move for a preliminary injunction. It was in that context that Defendant stated that it would not seek a stay; contrary to Plaintiff's assertion above, Defendant did not state that it believed discovery should proceed while the Arbitration Motion is being resolved.[1]

In the interest of efficiency and compromise, Barnes & Noble offered to proceed only with the discovery that both parties agree would be available regardless of whether the case remains in federal court or proceeds to arbitration, so long as Plaintiff confirmed that she would, in fact, arbitrate her claims if the Court grants the Arbitration Motion. Plaintiff still has not confirmed whether she will proceed with arbitration, and she has refused to agree to move forward with only the discovery that would be taken regardless of the forum while the Arbitration Motion is still pending.

Because the Arbitration Motion has not been finally resolved, it would be premature to serve initial disclosures at this time. Barnes & Noble is prepared to make its initial disclosures within 14 days of any final resolution of the Arbitration Motion in Plaintiff's favor.

---

[1] Defendant respectfully refers the Court to its reply brief on the Arbitration Motion [Dkt. #65 at Section II], in which Defendant responded to Plaintiff's unsupported unconscionability arguments.

## II. Subjects on which Discovery May Be Needed, Completion of Discovery and Structure of Discovery

Plaintiff delivered her first request for the production of documents (the "Requests") to Defendant on September 13, 2017.  Pursuant to Rule 26(d)(2)(B), the requests are "considered to have been served at the first Rule 26(f) conference."  The parties agree that Defendant's deadline to serve responses and objections is October 19, 2017.

Plaintiff's Position:  Plaintiff sought leave to serve an early document preservation subpoena on third-party Facebook, Inc. (ECF No. 9).  The Court granted leave (ECF No. 13), and Plaintiff served the subpoena.  Facebook served objections and responses and Plaintiff agreed with Facebook counsel to discuss ways to modify the subpoena to reduce burdens after a discovery plan is issued in this case.  Plaintiff also served her Requests on Defendant on September 13, 2017.  Both documents are incorporated by reference.  On the Rule 26(f) teleconference, Defendant declined to discuss the topics further, saying it was premature.

Defendant's Position:  As explained above, Barnes & Noble believes that discovery in this Court is premature, but has proposed a compromise that Plaintiff has refused.  Plaintiff did not raise third-party discovery during the Conference.

Barnes & Noble is prepared to meet and confer with Plaintiff concerning Plaintiff's Requests within 7 days of any final resolution of the Arbitration Motion in Plaintiff's favor, and to submit a revised joint discovery plan, including a proposed schedule for conducting discovery, within 14 days of that meet and confer.

## III. Issues about Disclosures, Discovery, or Preservation of Electronically Stored Information ("ESI")

During the Conference, Plaintiff asked if Defendant was aware of relevant documents destroyed between February 3, 2017 (the date of purchase of the DVD) and June 16, 2017 (the date of the complaint), and counsel for Defendant said none to her knowledge.

4

Plaintiff's Position:  Plaintiff also asked to discuss the parameters of the duties of preservation, including relevant date ranges, custodians, and electronic search methods.  The parties did not have any discussion of these topics because Defendant said it was premature.

Defendant's Position:  As explained above, Barnes & Noble believes that discovery in this Court is premature, but has proposed a compromise that Plaintiff has refused.

As Defendant told Plaintiff during the Conference, Barnes & Noble understands and is complying with its document preservation obligations.  Barnes & Noble is prepared to meet and confer with Plaintiff concerning discovery issues within 7 days of any final resolution of the Arbitration Motion in Plaintiff's favor, and to submit a revised joint discovery plan within 14 days of that meet and confer.

## IV.     Claims of Privilege or Protection

During the Conference, Plaintiff asked to discuss a proposed protective order governing the exchange of confidential discovery materials, and suggested that the order include a FRE 502(d) stipulation regarding good faith claw-back rights.  Defendant agreed that any such order could properly include a Rule 502(d) provision.

Plaintiff's Position:  Other than agreeing to consider a Rule 502(d) provision, Defendant refused to discuss anything further, saying it was premature.

Defendant's Position:  As explained above, Barnes & Noble believes that discovery in this Court is premature, but has proposed a compromise that Plaintiff has refused.

Because the Arbitration Motion has not been finally resolved, it would be premature to discuss or draft a proposed protective order at this time.  Barnes & Noble is prepared to meet and confer with Plaintiff concerning discovery issues within 7 days of any final resolution of the Arbitration Motion in Plaintiff's favor, and to submit a revised joint discovery plan within 14 days of that meet and confer.

5

## V.     Changes to Limitations on Discovery

Plaintiff's Position:  Plaintiff proposed discussing ways to limit discovery including discussing the parameters of Plaintiff's Requests, which were served in advance of the teleconference.  Defendant declined to have a discussion, saying it would be premature.

Defendant's Position:  As explained above, Barnes & Noble believes that discovery in this Court is premature, but has proposed a compromise that Plaintiff has refused.

Because the Arbitration Motion has not been finally resolved, it would be premature to discuss any changes to the limitations imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court at this time.  Barnes & Noble intends to serve timely responses and objections to the Requests on October 19, 2017, and is prepared to meet and confer with Plaintiff concerning discovery issues within 7 days of any final resolution of the Arbitration Motion in Plaintiff's favor, and to submit a revised joint discovery plan within 14 days of that meet and confer.

## VI.    Orders under Rule 26(c) or under Rule 16(b) and (c)

The parties are unable to present a joint plan at this time.  Each side's statement is below.

Plaintiff's Position:  Plaintiff believes that discovery should commence in the ordinary course.  If Defendant wants to stay discovery, it should meet its burden under Rule 26(c) to show good cause to depart from the ordinary rule.  Nevertheless, Plaintiff proposed a compromise to minimize burdens during the pendency of the Arbitration Motion while still getting avoiding undue delay.  Plaintiff proposed this compromise at the 26(f) conference and it was rejected:

    a.     26(a) disclosures to proceed in ordinary course;

    b.     Document discovery to begin in ordinary course;

    c.     Depositions prohibited until the Court's decision on the Arbitration Motion; and

        d.       Third-party discovery prohibited until the Court's decision on the Arbitration Motion.

Consistent with the compromise outlined above, plaintiff now proposes the following initial discovery plan:

| Event | Date or Deadline |
|---|---|
| Fed. R. Civ. P. 26 Disclosures | On or before October 3, 2017. |
| Resumption and completion of Rule 26(f) initial conference duties | Within 7 days of the Court's approval of this discovery plan. |
| Parties to File Proposed Protective Order Governing the Exchange of Confidential Discovery Materials | Within 14 days of the Court's approval of this discovery plan. |
| Defendant to Serve Responses and Objections to Plaintiff's First Request for Production of Documents | October 19, 2017 |
| Parties to Produce Responsive Documents | Rolling basis between November 1, 2017 and February 2, 2018 |
| Parties Propose Further Joint Discovery Plan | No later than 14 days following the Court's decision on the Arbitration Motion |

Defendant's Statement: As explained above, Barnes & Noble believes that discovery in this Court is premature, but has proposed a compromise that Plaintiff has refused.

Because the Arbitration Motion has not been finally resolved, Barnes & Noble believes that it is premature to discuss possible orders under Rule 16(b), 16(c) or 26(c) at this time. Barnes & Noble is prepared to meet and confer with Plaintiff concerning discovery issues within 7 days of any final resolution of the Arbitration Motion in Plaintiff's favor, and to submit a revised joint discovery plan within 14 days of that meet and confer.

October 3, 2017                                    Respectfully Submitted,

| **KAPLAN FOX & KILSHEIMER LLP** | **CRAVATH, SWAINE & MOORE LLP** |
|---|---|
| */s/ David Straite* | */s/ Sandra Goldstein* |
| Frederic S. Fox | Sandra C. Goldstein |
| David A. Straite | Kevin J. Orsini |
| Joel B. Strauss | Worldwide Plaza |
| 850 Third Avenue | 825 Eighth Avenue |
| New York, NY 10022 | New York, NY 10019 |
| *dstraite@kaplanfox.com* | *sgoldstein@cravath.com* |
| Tel.: 212.687.1980 | *korsini@cravath.com* |
| Fax: 212.687.7714 | Tel.: 212.474.1000 |
| | Fax: 212.474.3700 |

**KAPLAN FOX & KILSHEIMER LLP**

Laurence D. King
Matthew George (admitted *pro hac vice*)
350 Sansome Street
San Francisco, CA 94014
*lking@kaplanfox.com*
Tel.: 415.722.4700
Fax: 415.772.4707

**BARNES & ASSOCIATES**

Jay Barnes (admitted *pro hac vice*)
219 East Dunklin Street, Suite A
Jefferson City, MO 65101
*jaybarnes@zoho.com*
Tel.: 573.634.8884
Fax: 573.635.6291

**EICHEN CRUTCHLOW ZASLOW & McELROY**

Barry R. Eichen (admitted *pro hac vice*)
Evan J. Rosenberg (admitted *pro hac vice*)
40 Ethel Road
Edison, NJ 08817
*beichen@njadvocates.com*
Tel.: 732.777.0100
Fax: 732.248.8273