**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MELINA BERNARDINO, individually and
on behalf of other similarly situated persons,

    Plaintiff,

v.

BARNES & NOBLE BOOKSELLERS, INC.,

    Defendant.

CASE NO. 1:17-cv-4570-LAK-KHP

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
TO FILE SUR-REPLY TO ADDRESS NEW EVIDENCE**

Plaintiff respectfully moves for leave to file a sur-reply brief (not to exceed 10 pages) to address new material submitted by Defendant on September 26, 2017 in its Reply in further support of the motion to compel arbitration (the "New Evidence," ECF Nos. 66-68). Defendant represents that it does not oppose today's Motion for Leave (discussed below).

I.   **PROCEDURAL HISTORY**

On July 31, 2017, Defendant moved to compel arbitration, and to stay proceedings pending arbitration. Arbitration Motion, ECF No. 40. Defendant acknowledges that its online customers never expressly agree to arbitrate, and never expressly agree to any contract containing an arbitration clause. Instead, Defendant argues that Plaintiff is deemed to have agreed because she was on "constructive notice" of the contract, here the Terms of Use or "TOU," because the relevant computer interface contained a hyperlink to the TOU during the purchase process.

The Second Circuit only allows "constructive notice" to substitute for express consent under New York law when the notice terms are "clear and conspicuous" during the purchase process. *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 35 (2d Cir. 2002). When the purchase is made on the web, "clear and conspicuous" is determined by the design and content of the website. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016). But in the Arbitration Motion, Defendant failed to offer any direct evidence of the appearance of the relevant interface on the date of Plaintiff's purchase (February 3, 2017). Instead, Defendant offered a declaration of an employee testifying to the appearance months later on July 27, 2017, and describing the steps involved in making an online purchase of a DVD (the "Sharrett Declaration," ECF No. 41). One of the steps, the "checkout as guest" step, ostensibly contained a hyperlink to the TOU. Defendant then asked the Court to infer that that these purchase steps,

and in particular the "checkout as guest" page (Exhibit F to the original Sharrett Declaration), might have appeared the same on February 3, 2017.

Plaintiff had evidence that Defendant modified the website at some point between February 3, 2017 and the date of the Sharrett Declaration.  Worse, the changes were central to the Arbitration Motion but not disclosed to the Court.  Plaintiff thus moved to strike most of the Sharrett Declaration on August 17, 2017.  ECF Nos. 49 & 50.  Two weeks later, on August 31, 2017, Defendant opposed the Motion to Strike on procedural grounds, but did not dispute the primary contentions.  ECF No. 59.  Defendant failed to use the response as an opportunity to fix the deficiencies in the Sharrett Declaration nor to offer any additional evidence in support of the Arbitration Motion.  Instead, Defendant signaled that it would wait until its upcoming Reply (due September 26, 2017) to makes its case.  *See* ECF No. 59 at 6, 9, 11.  On September 5, 2017, Plaintiff responded to the Arbitration Motion ("Response," ECF No. 60).

## II. THE NEW EVIDENCE

Defendant filed its Reply on September 26, 2017.  ECF No. 65.  As signaled the previous month, Defendant waited until the Reply to make its case – but also completely changed the basis for the Arbitration Motion:

- A. First, Ms. Sharrett admitted that the July 27, 2017 "checkout as guest" page did not accurately represent the appearance of the website on February 3, 2017, and completely withdrew Exhibit F to her original declaration.  ECF No. 68.
- B. Second, a different employee (Antonio Burgos) testified that while Defendant's website is now hosted by a third party, Defendant retains sufficient data to allow Mr. Burgos to "re-create, in a test environment, the version of the checkout pages of the Website that Plaintiff would have seen" on February 3, 2017.  ECF No. 66, ¶ 12.

          Details of the "test environment" were not provided to the Court nor is there any basis to evaluate the reliability of the computer-simulated images attached to his Declaration. Mr. Burgos also disclosed (for the first time in this case) a second web page (re-created by computer simulation) ostensibly containing a hyperlink to the TOU, despite Ms. Sharrett never including such a page in her original declaration.

    C. Third, a different employee, John Kresse, provided a Declaration regarding the migration of Defendant's website to a third-party host called Skava.

Absent from the New Evidence are any actual screenshots of the mobile website on February 3, 2017, any actual records of the Plaintiff's DVD purchase, or any evidence at all related specifically to the Plaintiff.

## III.    PLAINTIFF'S REQUEST TO FILE A SUR-REPLY IS REASONABLE

Sur-replies are not specifically authorized in the Federal Rules of Civil Procedure nor by the Local Civil Rules for the SDNY/EDNY. Nevertheless, District Courts have the authority to grant leave to file a sur-reply when: 1) "a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court;" or 2) when "the court, after reviewing the moving and opposing papers, determines, *sua sponte*, that it wishes further briefing of an issue raised in those papers and orders the submission of additional papers." *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) (hereinafter "IBM"). When the "new issue" is *new evidence* presented in a party's reply brief, leave to file a sur-reply is particularly appropriate. *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000).[1]

---

[1] Plaintiff concedes that a leave would be inappropriate if the New Evidence were stricken or withdrawn.

In this District, attaching the proposed sur-reply to the motion for leave is procedurally improper. *See, e.g., Correspondent Svcs Corp. v. JVW Inv., Ltd.,* No. 99 Civ. 8934 (RWS), 2004 WL 2181087, at *7 (S.D.N.Y. Sept. 29, 2004) (movant's "motion is procedurally flawed, insofar as the proposed surreply memorandum was filed in conjunction with and attached to their motion for leave to file such papers"); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) (proposed sur-reply may not be attached to a motion for leave because "a sur-reply memorandum shall not be accepted without *prior* leave of court" (emphasis in original)), *order vacated on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *IBM*, 66 F.R.D. at 385 (proposed sur-replies "should not accompany the request for leave to submit them"). For now, Plaintiff represents that she would like to address the following issues in the sur-reply if leave were granted:

1. The New Evidence, even if accepted by the Court, as a matter of New York contract law does nothing to establish a *prima facie* case that this Plaintiff agreed to arbitrate her claims.
2. The New Evidence also should not be accepted by the Court:
    a. The New Evidence submitted with the Reply was untimely under Fed. R. Civ. P. 6(c)(2).
    b. Defendant failed to move for an extension of time to submit evidence pursuant to Rule 6(b), and furthermore could never establish the "excusable neglect" required under Rule 6(b).
    c. The New Evidence is inadmissible under the Federal Rules of Evidence.
    d. The New Evidence still contradicts the remaining unwithdrawn old evidence.

    e. The New Evidence (Mr. Burgos' computer simulation) functions as a *de facto* expert report while avoiding compliance with the strictures of FRE 702.

    f. The New Evidence was available to Defendant at the time of the original Arbitration Motion and withheld until Reply in bad faith.

**IV.    PLAINTIFF'S REQUEST IS NOT OPPOSED BY DEFENDANT**

Defendant knew that the New Evidence would require a sur-reply, and therefore Defendant pro-actively stated in advance that it would not oppose. ECF No. 65 at 4, n. 5; *see also* Defendant's Letter to the Court dated September 28, 2017 ("As Barnes & Noble has said, we would not object to such a sur-reply.").

**V.    CONCLUSION**

Plaintiff respectfully requests leave to file a sur-reply brief, not to exceed 10 pages in length, to address the New Evidence.

[SIGNATURES ON FOLLOWING PAGE]

| Dated: October 6, 2017<br>New York, NY | Respectfully submitted,<br><br>**KAPLAN FOX & KILSHEIMER LLP**<br><br>_/s/ David Straite_<br>Frederic S. Fox |
|---|---|
| **BARNES & ASSOCIATES**<br>Jay Barnes (admitted _pro hac vice_)<br>219 East Dunklin Street, Suite A<br>Jefferson City, MO  65101<br>_jaybarnes@zoho.com_<br>Tel.: 573.634.8884<br>Fax: 573.635.6291 | David A. Straite<br>Joel B. Strauss<br>850 Third Avenue<br>New York, NY  10022<br>_dstraite@kaplanfox.com_<br>Tel.: 212.687.1980<br>Fax: 212.687.7714 |
| **EICHEN CRUTCHLOW ZASLOW & McELROY**<br>Barry R. Eichen (admitted _pro hac vice_)<br>Evan J. Rosenberg (admitted _pro hac vice_)<br>40 Ethel Road<br>Edison, NJ  08817<br>_beichen@njadvocates.com_<br>Tel.: 732.777.0100<br>Fax: 732.248.8273 | **KAPLAN FOX & KILSHEIMER LLP**<br>Laurence D. King<br>Matthew George (admitted _pro hac vice_)<br>350 Sansome Street<br>San Francisco, CA  94014<br>_lking@kaplanfox.com_<br>Tel.: 415.722.4700<br>Fax: 415.772.4707 |
| **WITES & KAPETAN P.A.**<br>Marc Wites (_pro hac vice_ to be sought)<br>4400 North Federal Highway<br>Lighthouse Point, FL  33064<br>_mwites@wklawyers.com_<br>Tel.: 954.526.2729<br>Fax: 954.354.0205 | |