UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MELINA BERNARDINO,

                Plaintiff,

            -against-                          17-cv-4570 (LAK)

BARNES & NOBLE BOOKSELLERS, INC.,

                Defendant.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2018

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The matter is before the Court on defendant's motion to compel arbitration [DI 39] and plaintiff's motion to strike [DI 49]. Magistrate Judge Katharine H. Parker has submitted a report and recommendation (the "R&R") recommending that the motion to compel arbitration be granted and that the motion to strike be denied as moot.[1] Plaintiff objects to the R&R. The objections are overruled. Upon careful review of the R&R and motion papers, however, the Court has one point of difference from the R&R, although it arrives at the same disposition with respect to both motions.

        The threshold question before the Court is whether an arbitration agreement exists between the parties.[2] "Allegations related to the question of whether the parties formed a valid arbitration agreement . . . are evaluated to determine whether they raise a genuine issue of material fact that must be resolved by a fact-finder at trial."[3] Accordingly, if the proponent of arbitration

---

[1] DI 78.

[2] *See Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) ("[B]efore an agreement to arbitrate can be enforced, the district court must first determine whether such agreement exists between the parties.").

[3] *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012); *see also Meyer*, 868 F.3d at 74 ("'[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, we may rule on the basis of that legal issue and "avoid the need for further court proceedings."'" If a factual issue exists regarding

makes out a *prima facie* case for the existence of an agreement to arbitrate, the burden shifts to the adverse party to come forward with competent admissible evidence that, if credited and given all reasonable inferences in favor of that party, would raise a genuine issue of fact for trial.

Magistrate Judge Parker concluded that defendant, the proponent of arbitration, "proffered sufficient credible, admissible, and relevant evidence to demonstrate by a preponderance of the evidence that an agreement to arbitrate existed and that it fell into the category of a 'sign-in-wrap' agreement."[4] The R&R thus is phrased in a manner suggesting that the magistrate judge perhaps resolved the dispute concerning the existence of an agreement to arbitrate on the basis of what she viewed as a preponderance of the credible evidence.

Such an approach, if that is what occurred, in my view would have been incorrect. The Court nonetheless finds that any error by the magistrate judge here was harmless. Applying the correct standard, on the basis of the undisputed facts and "drawing all reasonable inferences in favor of the non-moving party,"[5] this Court holds that no trier of fact reasonably could have found that an agreement to arbitrate did not exist between the parties. The Court otherwise agrees with the findings and conclusions of Magistrate Judge Parker in all respects.

Defendant's motion to compel arbitration [DI 39] is granted. Plaintiff's motion to strike [DI 49] is denied as moot. The Clerk shall close the case.

SO ORDERED.

Dated: January 31, 2018

_____
Lewis A. Kaplan
United States District Judge

---

the formation of the arbitration agreement, however, remand to the district court for a trial is necessary." (quoting *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund*, 661 F.3d 164, 172 (2d Cir. 2011) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003))).

4    DI 78, at 17.

5    *Meyer*, 868 F.3d at 74 (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)).