**MANDATE**

N.Y.S.D. Case #
17-cv-4570(LAK)

18-607
*Bernardino v. Barnes & Noble Booksellers, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> ALISON J. NATHAN,
> > *District Judge*.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 28 2019

_____

MELINA BERNARDINO, individually and on behalf of other similarly situated persons,

> *Plaintiff-Appellant*,

v.     18-607

BARNES & NOBLE BOOKSELLERS, INC.,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:    JAY BARNES, Barnes & Associates, Jefferson City, MO.

David A. Straite, Joel B. Strauss, Ralph E. Labaton, Kaplan Fox & Kilsheimer LLP, New York, NY.

---

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 03/28/2019

|  |  |
|---|---|
|  | Laurence D. King, Kaplan Fox & Kilsheimer LLP, San Francisco, CA. |
|  | Barry R. Eichen, Evan J. Rosenberg, Eichen Crutchlow & Zaslow, LLP, Edison, NJ. |
|  | Marc Wites, Wites Law Firm, Lighthouse Point, FL. |
| For Defendant-Appellee: | SANDRA C. GOLDSTEIN, P.C. (Stefan Atkinson, *on the brief*), Kirkland & Ellis LLP, New York, NY. |

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is DISMISSED for lack of jurisdiction.

Plaintiff-Appellant Melina Bernardino ("Bernardino") appeals from a January 31, 2018 order of the U.S. District Court for the Southern District of New York (Kaplan, *J.*), granting Defendant-Appellee Barnes & Noble Booksellers, Inc.'s ("B&N") motion to compel arbitration, denying as moot Bernardino's motion to strike, and directing the Clerk of Court to "close the case." SPA-3. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the Federal Arbitration Act ("FAA"), "[a]n appeal may be taken from . . . a final decision with respect to an arbitration," 9 U.S.C. § 16(a)(3), but "an appeal may *not* be taken from an interlocutory order" granting a stay or compelling arbitration, *id.* §§ 16(b)(1), (3) (emphasis added). It is undisputed that the motion granted by the district court sought an "order compelling arbitration of [Bernardino's] claims against [B&N] and staying all proceedings." A-151; *see* Appellant's Reply Br. at 3; Appellee's Br. at 2. It is that motion, located at District Court Docket No. 39, that was referenced in the district court's Memorandum and Order. *See* SPA-3 ("Defendant's motion to compel arbitration [DI 39] is granted."). Moreover, the magistrate judge

2

below issued a Report and Recommendation "respectfully recommend[ing]" that the district court "grant B&N's motion to compel arbitration and stay all proceedings." SPA-32. The district court accepted that recommendation. *See* SPA-3 (agreeing, in relevant part, "with the findings and conclusions" of the magistrate judge).

Despite this clear evidence that the district court entered only a stay of proceedings pending arbitration, Bernardino argues that the district court *actually* "entered judgment dismissing, rather than staying, the action," Appellant's Br. at 1, because the Memorandum and Order directed that "[t]he Clerk shall close the case," SPA-3. However, this Court has previously determined that there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which we will assume was made for administrative or statistical convenience." *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993).[1] Bernardino has cited no binding precedent to the contrary.[2] Nor do the entry of judgment on the docket or the attachment of "Right to Appeal" documents

---

[1] Many other circuits concur with the proposition that "closing" a case in the arbitration context has no jurisdictional effect. *See, e.g.*, *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013) (concluding that where district court ordered only that case "be marked CLOSED," but "never mentioned a dismissal," district court's order was not a final appealable decision); *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (collecting cases and noting that "[a]lthough we have yet to address the jurisdictional effects of a district court order administratively closing a case, those circuits that have confronted the issue have unanimously echoed the Fifth Circuit's conclusion that an administrative closing has no jurisdictional effect. . . . We see no reason to depart from this substantial body of persuasive precedent. We therefore hold that a district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing. An order administratively closing a case is a docket management tool that has no jurisdictional effect"); *Corion Corp v. Chen*, 964 F.2d 55, 56–57 (1st Cir. 1992) (determining that direction of district court "that the case be 'administratively closed' pending arbitration . . . [is not] equivalent to a final judgment of dismissal").

[2] Bernardino argues that this Court's decision in *Filanto* is no longer good law after the Supreme Court's decision in *Green Tree Fin. Corp.-Ala v. Randolph*, 521 U.S. 79 (2000). This is incorrect. It is true that *Filanto* relied on the "independent/embedded" analysis routinely applied by this Court prior to *Green Tree* and subsequently abrogated. *See Salim Oleochemicals v. M/V SHROPSHIRE*, 278 F.3d 90, 92–93 (2d Cir. 2002). However, our separate conclusion in *Filanto* that directing the clerk to close the case is not jurisdictionally equivalent to a dismissal, 984 F.2d at 61, was unaffected by *Green Tree* and remains good law.

3

have any jurisdictional significance, as these were administrative actions taken by the Clerk of Court following the district court's direction that the case be closed. Furthermore, throughout the proceedings leading up to its Memorandum and Order, the district court repeatedly made clear that it interpreted B&N's motion as a motion to *stay* all proceedings pending arbitration. *See, e.g.*, A-56 ("Look, my experience is that typically when a defendant is sued on a claim which the defendant asserts is subject to arbitration, the defendant moves to stay the proceeding pending arbitration . . . ."); A-56 ("So what we're really talking about is a motion to stay the case . . . pending arbitration on the ground that the dispute tendered by the plaintiff to the Court is arbitrable and that's it."); A-63 (making a handwritten note on the parties' proposed briefing schedule that "the anticipated motion will be one to stay the action pending the outcome of arbitration. On that basis, the proposed schedule is approved on consent"). The district court's understanding was correct. As we have held, a district court is required to enter a stay when a party has so requested and "all claims have been referred to arbitration." *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015).

For these reasons, we conclude that the district court's order was an interlocutory order rather than a final decision and is not appealable under the FAA.

\*   \*   \*

We have considered Bernardino's remaining jurisdictional arguments and find them to be without merit. Accordingly, we DISMISS the appeal for lack of jurisdiction.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4